**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

South Carolina Department of Social Services, Respondent,

v.

Brandy W. and Billy Dean L., Defendants,

Of whom Brandy W. is the Appellant,

In the interest of a minor child under the age of eighteen.

Appellate Case No. 2013-001110

Appeal From Anderson County
Tommy B. Edwards, Family Court Judge
Karen F. Ballenger, Family Court Judge

Unpublished Opinion No. 2014-UP-213
Submitted May 16, 2014 – Filed June 3, 2014

**AFFIRMED**

William Norman Epps, III, of Epps, Nelson & Epps, of Anderson, for Appellant.

Dottie C. Ingram, of the South Carolina Department of Social Services, of Anderson, for Respondent.

Brittany Dreher Tye, of Senerius & Tye, Attorneys at Law, of Anderson, for Guardian ad Litem.

---

**PER CURIAM:**  Brandy W. (Mother) appeals the family court's orders allowing DSS to forego reasonable efforts to reunite Mother with her minor child (Child) and terminating Mother's parental rights to Child.  On appeal, Mother argues the family court erred in allowing DSS to forego reasonable efforts for reunification and in proceeding with the termination of parental rights (TPR) hearing.  We affirm.[1]

On appeal from the family court, an appellate court reviews factual and legal issues de novo.  *Simmons v. Simmons*, 392 S.C. 412, 414, 709 S.E.2d 666, 667 (2011); *Lewis v. Lewis*, 392 S.C. 381, 386, 709 S.E.2d 650, 651-52 (2011).  Although this court reviews the family court's findings de novo, this court is not required to ignore the fact that the family court, who saw and heard the witnesses, was in a better position to evaluate their credibility and assign comparative weight to their testimony.  *Lewis*, 392 S.C. at 385, 709 S.E.2d at 651-52.  The burden is upon the appellant to convince this court that the family court erred in its findings.  *Id.*

We find a preponderance of the evidence supports the family court's order allowing DSS to forego reasonable efforts for reunification and decision to proceed with the TPR hearing.[2]  *See* S.C. Code Ann. § 63-7-1640(C) (Supp. 2013) (identifying

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

[2] The family court "must make specific written findings in support of its conclusion" to either terminate or continue reasonable efforts.  S.C. Code Ann. § 63-7-1640(F) (Supp. 2013).  The family court failed to include specific written findings supporting its decision to terminate reasonable efforts.  When an order of the family court violates Rule 26(a), SCRFC, by failing to set forth specific findings of fact and conclusions of law, this court may remand the matter to the family court or make its own findings of fact in accordance with the preponderance of the evidence if the record is sufficient to allow such a review.  *Griffith v. Griffith*, 332 S.C. 630, 646-47, 506 S.E.2d 526, 535 (Ct. App. 1998); *see also Ex parte Morris*, 367 S.C. 56, 61, 624 S.E.2d 649, 652 (2006) ("In appeals from the family court, the appellate court has the authority to find the facts in accordance

several factors for the family court to consider when determining whether to authorize DSS to terminate or forego reasonable efforts).  Here, the family court removed Child pursuant to an order that stated, "[Mother]'s admitting her actions toward [Child are] crucial to her treatment plan" and that "[a]s part of this treatment, it is required that [Mother] continue to acknowledge her prior abusive actions toward [Child]."  However, during an evaluation with Dr. Pamela Crawford, Mother repeatedly denied abusing her children.  Dr. Crawford determined that because Mother denied the allegations of abuse, "a treatment plan to address [Mother's] episodes of violence [wa]s not viable."  Because the family court's removal order was specifically conditioned on Mother's acceptance of responsibility for her prior physical abuse of her children, Mother's refusal to accept responsibility for the abuse "ma[d]e continuation or implementation of reasonable efforts to preserve or reunify the family inconsistent with the permanent plan for the child."  *See* S.C. Code Ann. § 63-7-1640(C)(8) (Supp. 2013) (allowing the family court to authorize DSS to forego reasonable efforts for reunification if the family court finds "circumstances exist that the [family] court finds make continuation or implementation of reasonable efforts to preserve or reunify the family inconsistent with the permanent plan for the child").

Additionally, DSS was allowed to forego reasonable efforts for reunification because Mother abused her children while they were in her care.  *See* S.C. Code Ann. § 63-7-1640(C)(1)(a) (Supp. 2013) (stating the family court may authorize DSS to forego reasonable efforts for reunification when "the family court determines . . . the parent has subjected the child or another child while residing in the parent's domicile to . . . severe or repeated abuse").  Specifically, the family court previously entered a finding of physical abuse against Mother after a human bite mark was found on Child's sister.  Furthermore, another finding of physical abuse was made after Mother admitted to "cursing at [Child], repeatedly slapping and threatening [Child], and stomping the foot of [Child]."  Therefore, DSS was allowed to forego reasonable efforts for reunification based on abuse.

Finally, it was in Child's best interest for the family court to allow DSS to forego reasonable efforts for reunification.  *See* S.C. Code Ann. § 63-7-1640(F) ("In determining whether to authorize [DSS] to terminate or forego reasonable efforts to preserve or reunify a family, the court must consider whether initiation or

_____

with its view of the preponderance of the evidence.").  We find the record in the case at bar is sufficient to allow such a review.

continuation of reasonable efforts to preserve or reunify the family is in the best interests of the child.").  Child has been in and out of foster care three times since 2007, and allowing DSS to forego reasonable efforts shortens the time Child is required to remain in foster care before he can be adopted.  Likewise, Dr. Crawford opined Mother's refusal to accept responsibility for the abuse made it unlikely she would respond to treatment and that because of Mother's history of abuse and her behavior during the evaluation, she "may represent a danger to others." Accordingly, the family court did not err in allowing DSS to forego reasonable efforts for reunification and in proceeding with the TPR hearing.

**AFFIRMED.**

**HUFF and THOMAS, JJ., and CURETON, A.J., concur.**